UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-2327 ADM/AJB

UNITED STATES OF AMERICA,

Petitioner,

v.

PHILLIP LECLAIR,

Respondent.

**REPORT AND RECOMMENDATION**

Assistant United States Attorney Joan D. Humes, Esq., for Petitioner.

Assistant Federal Public Defender Virginia Villa, Esq., for Respondent

THIS MATTER came before the undersigned United States Magistrate Judge on the United State's petition to determine the mental condition of respondent, Phillip LeClair. [Docket No. 1]. Through this petition, the government seeks continued detention of LeClair under 18 U.S.C. § 4246, contending that he poses a substantial risk of bodily injury of another person or risk of serious damage to the property of another. The hearing was held on March 5, 2002, at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). Dr. Daniel Carlson, Clinical Psychologist at FMC-Rochester, testified on behalf of the government, along with Pam Young, a social worker at FMC-Rochester. LeClair testified on his own behalf. Based on the file and documents contained herein, and the testimony of the witnesses and evidence produced at the hearing, the Court makes the following:

FILED MAR - 8 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

**Findings of Fact**

1. The United States District Court for the Western District of Oklahoma initially found LeClair incompetent to stand trial on pending criminal charges on September 25, 2000, and ordered him committed for treatment and evaluation, pursuant to 18 U.S.C. § 4241(d). Government Petition, Exhibit A. On August 29, 2001, the District Court in Oklahoma found that LeClair remained incompetent to stand trial and ordered him committed for a determination of whether he is mentally ill and would present a substantial risk upon release, within the meaning of 18 U.S.C. § 4246. Id.

2. LeClair was charged with Felony Assault and Battery with a Dangerous Weapon. Government Hearing Exhibit 2. LeClair was arrested after hitting an appliance repairman on the head with an ax, with no apparent provocation. Government Exhibit 4. The victim suffered a 35% partial permanent disability from the incident. Government Exhibit 8.

3. Dr. Daniel Carlson's expert opinion is that LeClair is presently suffering from a mental illness, specifically: undifferentiated schizophrenia, alcohol and inhalant dependence and borderline intellectual functioning. LeClair demonstrates the following symptoms of schizophrenia: paranoid, somatic and grandiose delusions; thought disorders; auditory hallucinations and extreme social isolation. Dr. Carlson testified that LeClair's

prognosis for recovery is very poor.

4. Dr. Carlson' expert opinion is that LeClair's release would create a substantial risk of harm and that LeClair's mental illness causes the substantial risk. The Risk Assessment Panel found the following predictors of risk when evaluating LeClair: a long history of alcohol and inhalant abuse; an unprovoked extremely violent act with no apparent remorse; extreme paranoia; limited insight; severely impaired judgment; no assurance of compliance with treatment outside of a structured setting; potential access to weapons and no external environmental controls upon release. Gov. Exh. 4.

5. No adverse expert opinion was offered by the Respondent. LeClair testified that he believed he would "do what they told me to do" upon release.

6. Dr. Carlson's expert opinion is that the only suitable placement for LeClair would be an inpatient mental health hospital.

7. Pam Young, a social worker at FMC-Rochester, testified that she had attempted to find a suitable state inpatient program for LeClair in Oklahoma, his home state. Her attempts were unsuccessful. Gov. Exh. 5.

**Conclusions of Law**

1. The Court concludes that the United States has shown by clear and convincing evidence that LeClair presently suffers from a mental disease or defect. 18 U.S.C. § 4246.

2. The Court also concludes that the United States has shown by clear and convincing evidence that LeClair's release would create a substantial risk of bodily injury to another or serious damage to property of another, and that his mental illness causes the substantial risk of harm. 18 U.S.C. § 4246.

3. The Court also concludes that the United States has shown by clear and convincing evidence that no suitable arrangement for state custody is available. 18 U.S.C. § 4246.

**Recommendation**

Accordingly, based upon all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

The United States' petition pursuant to 18 U.S.C. § 4246 be **GRANTED** and that Phillip LeClair be committed to the custody of the Attorney General for continued hospitalization and treatment until suitable state placement may be found, or until his release no longer constitutes a substantial risk of bodily injury of another person or serious damage to the property of another.

Dated 3/8/02

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of the Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.